# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-01106-SVW-RAO | Date | April 2, 2020 |
| Title | *Yvonne Holliday v. Costco Wholesale Corporation, et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING PLAINTIFF'S MOTION TO REMAND [11]

## I.  Background

Yvonne Holliday ("Plaintiff") brings this motion to remand her claims against Costco Wholesale Corporation ("Costco") and Costco Wholesale Membership, Inc. ("CWMI") (together "Defendants") which were removed to this Court by Costco. Plaintiff moves for remand on that basis that CWMI, like Plaintiff, is a California citizen. There is no dispute that CWMI is a California citizen, incorporated in California, but Costco claims CWMI was only joined as a sham defendant to defeat diversity jurisdiction. After considering the parties' motions, the Court concludes no claim may be maintained against CWMI consistent with Plaintiff's factual allegations, and the motion to remand is DENIED.

## II.  Motion to Remand

Under 28 U.S.C. § 1332, federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States [or] citizens of a State and citizens or subjects of a foreign state." The proponent of subject-matter jurisdiction must establish its existence by a preponderance of the evidence. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Generally, "[t]he removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). Because the Plaintiff has pleaded both diverse and non-diverse Defendants, removal is only proper if the non-diverse defendant was fraudulently joined. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

_____ : _____
Initials of Preparer
PMC

a. **Application**

Plaintiff challenges Costco's assertion that it is a Washington (not California) citizen. Costco clearly demonstrates that it is a Washington citizen with its place of incorporation and principal place of business in Washington. Plaintiff's ad hominem attack on defense counsel's experience notwithstanding, there is no reason to doubt counsel's declaration or supporting documentation establishing that the "nerve center" of Costco is in Washington. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001). *See* Dkt. 1; Dkt. 12-1. Accordingly, the Court determines Costco is a Washington citizen for the purposes of diversity jurisdiction.

b. **Fraudulent Joinder**

Costco claims that CWMI, the California corporation, is fraudulently joined simply to defeat complete diversity, and that CMWI "cannot be liable on any theory " for Plaintiff's claims. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Where fraudulent joinder is an issue" the defendant "is entitled to present the facts showing the joinder to be fraudulent." *Id.* It is the Defendants' burden to show by clear and convincing evidence that a non-diverse party has been fraudulently joined. *Id.* There is a general presumption against fraudulent joinder, but a defendant may show a defendant is fraudulently joined "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ." *Id.* (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Federal district courts in California have interpreted fraudulent joinder as a heavy burden—if "there is any possibility that a plaintiff may prevail on the cause of action against the in-state defendant" then the joinder is not fraudulent, and remand is appropriate. *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990)). S*ee also Alderman v. Pitney Bowes Mgmt. Servs.*, 191 F. Supp. 2d 1113, 1115 (N.D. Cal. 2002); *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1051 (C.D. Cal. 2013).

Plaintiff has failed to allege any facts that show CWMI could be responsible for her slip-and-fall injury. Accepting Plaintiff's factual allegations as true, and considering Costco's evidence, CWMI does not maintain any control over the premises where the alleged injury occurred. CWMI's mere presence at the entryway to Costco does not automatically imply contribution to the events that occur within the store. Any claim Plaintiff may sustain in this action must necessarily be based on negligence, and where

CWMI has no plausible duty to Plaintiff, there can be no negligence claim. *See Annocki v. Peterson Enterprises, LLC*, 180 Cal. Rptr. 3d 474, 477 (2014) (citing *Paz v. State of California*, 994 F.2d 975 (Cal. 2000)) ("As in a general negligence cause of action, a plaintiff bringing an action for premises liability based on a negligence theory must plead and prove that the defendant breached a duty of care owed to the plaintiff that proximately caused injury and damages."). The Court can see no avenue, regardless of future amendment, to maintain a cause of action against CWMI. As such, CWMI was fraudulently joined and its citizenship is not considered for the purposes of diversity jurisdiction. Plaintiff's motion to remand is accordingly DENIED.

### III.    Conclusion

The Court DENIES Plaintiff's motion to remand.

IT IS SO ORDERED.

Initials of Preparer

PMC